### In the Matter of Richard D. SCHREIBER.

No. 49S00–9008–DI–526.

Supreme Court of Indiana.

April 18, 1997.

*ORDER REVOKING CONDITIONAL RE-INSTATEMENT AND SUSPENDING FROM THE PRACTICE OF LAW*

SELBY, Acting Chief Justice.

Comes now the Indiana Supreme Court Disciplinary Commission, files its *Verified Notice of Noncompliance* and requests that the respondent be suspended or disbarred for failure to comply with the conditions of his conditional reinstatement, namely failure to provide audit reports as ordered.

This Court, being duly advised, now finds that on April 7, 1994, we accepted a conditional agreement and suspended the respondent for nine (9) months with a condition that any subsequent reinstatement will be probationary with express conditions. *Matter of Schreiber*, 632 N.E.2d 362 (Ind.1994). Thereafter, the respondent petitioned for reinstatement and, on October 20, 1995, this Court accepted the Disciplinary Commission's recommendation and reinstated the respondent on the express condition that he remain on probation for two years, during which he was required to provide to the Commission twice per year audit reports, conducted and prepared by a certified public accountant, of his lawyer's trust account. *Matter of Reinstatement of Schreiber*, 656 N.E.2d 480 (Ind.1995). In response to the Commission's *Notice of Noncompliance* on February 24, 1997, this Court issued an Order to Show Cause giving an opportunity to the respondent to show cause, in writing, why his probationary reinstatement should not be revoked. After two continuances, one *sua sponte* and one in response to the respondent's Verified Motion for Enlargement of Time to Show Cause, the respondent has still failed to respond to the show cause order.

We now find that the respondent has failed to provide any accounting reports as ordered in his probationary reinstatement and, accordingly, has failed to meet the terms of his probation and conditional reinstatement. Admission and Discipline Rule 23, § 3(c) provides that, upon a violation of conditions, limitations and restrictions imposed as conditions to continued practice, an attorney may be suspended or disbarred. We, therefore, conclude that the respondent's conditional reinstatement should be revoked and that he should be suspended until further order of this Court.

IT IS, THEREFORE, ORDERED that, by virtue of his failure to comply with the conditions of conditional reinstatement to the practice of law, and pursuant to Admis.Disc.R. 23 § 3(c), Richard D. Schreiber is hereby suspended from the practice of law until further order of this Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall give notice of this Order pursuant to Admis.Disc.R. 23, § 3(d) and shall provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the Clerk of each of the Federal District Courts in this state, and to the Clerk of the United States Bankruptcy Court in this state, the respondent's last known address as reflected in the records of the Clerk and as indicated in the records of this case, namely, 1309 East Edgewood, Indianapolis, IN, 46227.